**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Maitham Abdul Kareem Majeed Almudafer,

      Petitioner,

      v.                                 Case No. 2:26-cv-02674-BCL-tmp

Christopher Bullock,
Director of U.S. Immigration and
Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER GRANTING BOND HEARING**

---

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is Christopher Bullock, Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk is therefore **DIRECTED** to modify the docket to replace Todd Blanche with Christopher Bullock. *See* Fed. R. Civ. P. 25(d). All other Respondents are **DISMISSED**.

Petitioner is a noncitizen currently detained in Mason, Tennessee. Doc. 1. On June 11, 2026, he filed for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release immediate release or a bond hearing. *Id.* at 13. The Court ordered Respondent to respond. Respondent provided a response. Doc. 10. Petitioner did not file a reply.

In light of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) and Respondent's agreement that it controls here, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten (10)** days of the date of this order or, in the alternative, release him from custody.

The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 175 F.4th at 719; *see id.* at 735 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing him to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make his case for release at a bond hearing. And, *second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 171 F.4th 798, 811 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

**CONCLUSION**

The Petition (Doc. 1) is **GRANTED** to the extent that the Court **ORDERS** Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 22nd day of June, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE